## Philadelphia Housing Authority v. Dreden

*Arthur W. Lefco,* for plaintiff.
*Stuart Kaufman,* for defendant.

KALISH, J., March 15, 1974.—Defendant, Mildred Dreden, was a tenant of an apartment in Southwark Plaza, a low income housing project owned and operated by plaintiff, Philadelphia Housing Authority, and subsidized by the Federal government.

On September 17, 1973, a petition and rule initiated by plaintiff were served upon defendant tenant demanding immediate possession of her apartment. The petition alleged that she had created a serious health problem to the other tenants. The rule was returnable on September 19, 1973, on which date a hearing was held before a municipal court judge. Plaintiff was granted immediate possession. An appeal was taken to this court. HUD Circular RHM 7465.8, dated February 22, 1971, makes it mandatory that all leases contain a provision that any tenant grievance on appeal from management's decision shall be resolved in accordance with LHA (local housing authority) procedures consistent with HUD regulations concerning such procedures.

HUD Circular RHM 7465.9 dated February 22, 1971, provides that each local housing authority shall adopt procedures or revise existing grievance procedures to embody as a minimum the following standards and criteria: A hearing before an impartial official or hearing panel concerning any disputed action or inaction by the housing authority adverse to the tenant's rights; notice to the tenant of his right to such a hearing; tenant representation on the panel; prior notice of the reasons given by the authority for the disposition of the tenant's complaint or grievance; opportunity at such hearing to call witnesses, cross-examine adverse witnesses and to be represented by counsel; notification in writing of the decision and reasons; judicial review.

Under the Landlord and Tenant Act of April 6, 1951, P.L. 69, 68 PS 250.101, the tenant is entitled to 30 days' notice to quit; a hearing before the municipal court to be held not less than five nor more than eight days after notice preceded by a complaint filed in the municipal court; 30 days within which to appeal the judgment of the municipal court staying execution during such an appeal.

Before this court is a motion for judgment on the pleadings. In the pleadings, plaintiff, Philadelphia Housing Authority, specifically admits that the procedures set forth in the HUD circulars were not followed and that the municipal court hearing was held prior to the five days and that defendant was evicted prior to the expiration of the appeal time and that defendant had no counsel at the municipal court hearing.

In its pleadings, plaintiff seeks to justify this summary action on the ground that "defendant had created a very serious health and welfare problem

to other tenants," and that under the circumstances defendant was afforded all her rights and that defendant's eviction was proper under the applicable law.

Defendant tenant contends that her housing rights are property and civil rights of which she cannot be deprived without due process of law; that the failure to adhere to HUD regulations prior to eviction and the Landlord and Tenant Law procedure on eviction violates these rights and that this is so notwithstanding any compelling governmental necessity; that the only manner in which the tenant's leasehold interest can be terminated is by adhering to the procedures set forth in HUD circulars.

In Goldberg v. Kelly, 397 U.S. 254, 90 S. Ct. 1011 (1970), the court held that due process required a hearing with timely notice and an opportunity to examine and cross-examine witnesses; counsel; and an impartial decision maker *before* a relief recipient could be deprived of her public welfare payments. This has been applied to public housing evictions: Caulder v. Durham Housing Authority, 433 F. 2d 998 (4th Cir. 1970). Even where there is available a *judicial* hearing procedure prior to eviction, it has been held that the tenant has a constitutional right to an *administrative hearing* prior to eviction where there is a complete administrative hearing procedure set forth in HUD circulars: Glover v. Housing Authority, 444 F. 2d 158 (1971); Brown v. Housing Authority, 471 F. 2d 63 (7th Cir., 1971). These decisions recognize that the right to mediate the dispute in a less formalized, less adversary preceding within an administrative framework is a valuable right.

However, these procedures are not inflexible nor universally applied in every imaginable situation: Caulder v. Durham Housing Authority, supra. The

extent to which procedural due process must be afforded the tenant depends on the extent to which he may be made to suffer grievous loss as weighed against plaintiff's interest in summary adjudication. It becomes a question of weighing the competing interests of the housing authority against that of the tenant.

In a subsidized low-income housing project, the tenant cannot afford acceptable housing. If his lease is terminated wrongfully, his apartment is quickly occupied by another. He is then forced to seek other less desirable housing, thus frustrating the intent to remedy the existing evils which low-income housing was designed to overcome. His situation becomes immediately a desperate one.

On the other hand, was the health and welfare problem created by this defendant so serious to the other tenants and so immediate that it overshadowed the interest of the tenant and made it of less importance and thus justifying the summary action by plaintiff?

This court concludes that the summary procedure used by plaintiff to terminate the tenancy relationship cannot stand *unless* plaintiff can show at an evidentiary hearing that it had a compelling need to expedite the procedure.

The issue of remedy and damages will be deferred until the conclusion of the evidentiary hearing. It is the opinion of this court that if the conclusion reached at the hearing is that plaintiff housing authority was not justified in its action, then defendant tenant is to be reinstated in an apartment in Southwark Plaza. Thereafter, if plaintiff housing authority still believes that she has violated her lease, then plaintiff housing authority must comply with the existing HUD regulations.

## ORDER

And now, to wit, March 15, 1974, defendant's motion for judgment of the pleadings is dismissed.

It is further ordered that an evidentiary hearing be held consistent with this opinion.